UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SARA ASHLEY ISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:26-cv-00218-ACL |
| | ) | |
| JOE SATTERFIELD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Self-represented plaintiff Sara Ashley Ison filed this lawsuit under 42 U.S.C. § 1983 alleging violations of her constitutional rights arising from a prosecution in the City of Dexter Municipal Court and a related state prosecution in the Circuit Court of Stoddard County. [Doc. 1]. This matter is now before the Court on plaintiff's motion for leave to proceed *in forma pauperis* ("IFP motion") and for review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). After careful consideration of the record, the Court will grant the IFP motion, waive the filing fee, and dismiss the case.

## I. Legal Standard on Initial Review

Pursuant to § 1915(e)(2)(B), any portion of a complaint that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from an immune defendant must be dismissed. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is not sufficient "if it tenders naked assertions devoid of further factual enhancement." *Id.*

When reviewing a complaint filed by a self-represented person under § 1915, the Court accepts the well-pleaded facts as true. *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. Although *pro* se complaints are liberally construed, they must still contain sufficient facts to support the claims advanced, and the court will not assume facts not alleged. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

**II. The Complaint**

Plaintiff makes the following allegations in the complaint: On November 8, 2025, plaintiff was stopped by a Dexter police officer for allegedly failing to use a turn signal. [Doc. 1 at ¶¶ 12, 13]. Plaintiff was subjected to a breath test, and a urine sample was collected. [*Id.* at ¶¶ 14, 15]. The sample was removed from police lockup on November 9, 2025. [*Id.* at ¶ 15]. The crime laboratory shows receipt of the urine sample on January 5, 2026. [*Id.* at ¶ 16]. The records provided to plaintiff do not explain the time gap. [*Id.*]. Additionally, plaintiff identified multiple inconsistencies between the written police report and the body camera recording, as well as conduct inconsistent with Dexter Police Department's policies and procedures. [*Id.* at ¶ 17].

In January 2026, plaintiff filed a motion to suppress in the municipal prosecution of the alleged traffic violation, which the court denied on March 10, 2026. [*Id.* at ¶ 21].

On March 30, 2026, she filed a motion to exclude officer testimony. [*Id.* at ¶ 22].

On April 10, 2026, plaintiff submitted a complaint to the Office of Chief Disciplinary Counsel (OCDC) regarding City Prosecutor Joe Satterfield's interactions with other defendants, which she believed warranted an investigation. [*Id.* at ¶¶ 23, 24]. Subsequently, on April 28, 2026, plaintiff was notified that the OCDC would not proceed with an investigation. [*Id.* at ¶ 25].

On April 1, 2026, new tickets were issued based on the November 8, 2025 traffic stop. [*Id.* at ¶ 27]. On April 14, 2026, charges were filed in the Circuit Court of Stoddard County, case no. 26SD-CR00273. [*Id.* at ¶ 28]. The municipal case was dismissed the following day. [*Id.* at ¶ 29]. On May 4, 2026, plaintiff submitted discovery requests in the state case seeking "the urine laboratory material, complete chain-of-custody documentation, and other evidence relevant to the prosecution." [*Id.* at ¶¶ 31, 32]. On May 19, 2026, she filed a motion to compel discovery. [*Id.* at ¶ 33]. On June 4, 2026, her motions to compel and to exclude testimony were denied. [*Id.* at ¶ 34].

On or about June 23, 2026, plaintiff retained attorney John Scott to represent her. [*Id.* at ¶ 36]. Scott filed a document with the court withdrawing all motions previously filed by plaintiff without obtaining her authorization. [*Id.* at ¶ 37]. Scott requested continuances in the state case without her knowledge or authorization and failed to communicate adequately with plaintiff regarding the status of the case, discovery, evidence, and material defense decisions. [*Id.* at ¶ 39]. Plaintiff terminated Scott's representation on September 12, 2026, and submitted a disciplinary complaint the next day. [*Id.* at ¶ 40].

On September 15, 2026, plaintiff submitted multiple documents for filing and obtained file-stamped copies. [*Id.* at ¶ 43]. However, the documents were not placed on the electronic docket. [*Id.* at ¶ 44]. The Circuit Clerk's Office informed her that Judge Below had instructed her not to file the pro se documents and that all filings were required to be made through counsel. [*Id.* at ¶ 44]. On September 22, 2026, Stoddard County Assistant Prosecuting Attorney Chase Dembowski filed a motion for trial setting. [*Id.* at ¶ 47]. The motion acknowledged her *pro se* status but inaccurately stated that she had continued the case three times and that all discovery had been provided. [*Id.* at ¶¶ 48, 49].

On September 23, 2026, plaintiff filed the instant lawsuit naming the following as defendants: Joe Satterfield, City of Dexter Municipal Prosecutor ; Jon-Sawyer Colton Smith, Stoddard County Prosecuting Attorney; Chase Dembowski, Stoddard County Assistant Prosecuting Attorney; and John F. Scott. Plaintiff asserts claims under the First and Fourteenth Amendments, along with a state law claim.

**III. Discussion**

It is common practice in § 1983 actions to stay civil proceedings arising from a pending criminal case until the final disposition of the criminal case. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Here, the Court finds that a stay is unnecessary because plaintiff's allegations fail to state a claim upon which relief may be granted, and because she seeks relief from defendants who are immune from suit. For the reasons stated below, the complaint will be dismissed.

***A. City Prosecutor Joe Satterfield, Prosecuting Attorney John Sawyer Colton Smith, and Assistant Prosecuting Attorney Chase R. Dembowski***

There are no allegations of misconduct attributed to Satterfield, Smith, or Dembowski. Plaintiff fails to allege what they did or failed to do in violation of her constitutional rights. The only conduct attributed to them is the prosecution of criminal charges against her. Absolute immunity protects prosecutors from claims arising from initiating a prosecution and presenting a criminal case, even when vindictive prosecution is alleged. *Imbler v. Pachtman*, 424 U.S. 409, 427–31 (1976) (holding that prosecutors are absolutely immune from § 1983 claims based on actions taken while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (holding that prosecutorial immunity extends even to allegations of vindictive prosecution). Consequently, the claims against Satterfield, Smith, and Dembowski are barred by immunity, and they will be dismissed.

***B. Attorney John Scott***

"[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). An attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id*. at 325. Plaintiff acknowledges this legal principle in the complaint.

[Doc. 1 at ¶ 42]. Because she cannot bring a § 1983 claim against Scott, she alleges a "related state law claim" based on her complaints regarding Scott's representation. [*Id*. at p. 4].

In the absence of a valid federal claim against any defendant, the Court declines to exercise supplemental jurisdiction over the state law claim. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction."). Additionally, the Court refrains from commenting on the merits of the unidentified state law claim.

**IV. Conclusion**

For the reasons stated herein, the Court finds that the complaint fails to state a claim upon which relief can be granted and that it seeks relief from defendants who are immune from suit. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), the complaint must be dismissed. Because the Court is dismissing this matter, plaintiff's motion for appointment of counsel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED** and the filing fee is **WAIVED**.

**IT IS FURTHER ORDERED** that the complaint, and this case in its entirety, is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 3] is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will accompany this Memorandum and Order.

**SO ORDERED** this 13th day of October, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE